UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Zuleinyth ACOSTA ONTIVEROS,

Petitioner,

v.

Patrick, DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; Todd M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; Markwayne MULLIN, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Todd BLANCHE, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; Christopher J. LAROSE, Warden of Otay Mesa Detention Facility,

Respondents.

Case No.:  26cv3795-GPC(SBC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On June 29, 2026, Petitioner Zuleinyth Acosta Ontiveros ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking to be released for

1

26cv3795-GPC(SBC)

her unlawful detention in violation of the Due Process Clause of the Fifth Amendment. (Dkt. No. 1, Pet.)  Respondents filed a response on July 7, 2026.  (Dkt. No. 7.)

**Discussion**

Petitioner, a 27-year-old native and citizen of Venezuela, entered the United States on December 1, 2023 when she was twenty-five years old seeking asylum. (Dkt. No. 1, Pet. at 2.)  At that time, she was detained for one day[1] and then released on her own recognizance. (*Id.*)  On December 2, 2023, she was issued a Notice to Appear charging her with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. (*Id.*)  On May 3, 2026, her vehicle was pulled over by ICE officials because the license plates were expired and placed under arrest. (*Id.*)  She was not provided a reason for her detention. (*Id.*)  She alleges her detention violates the Due Process Clause of the Fifth Amendment. (*Id.* at 2-5.)

In response to the order to show cause, Respondents mischaracterize Petitioner's argument stating that the legal issue presented concern whether Petitioner is subject to mandatory detention under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(a). (Dkt. No. 7 at 2.) Instead, Petitioner challenges the constitutionality of her re-detention without any meaningful pre-deprivation procedure and opportunity to respond.

To the extent that Respondents do not engage with the due process arguments contained in the petition and do not oppose the Petition, the Court interprets this silence as a concession. *See e.g., Mikhailovskii v. Semaia et al.*, No. 5:26-CV-0960-DSR, 2026 WL 1196232, at *2 (C.D. Cal. Apr. 27, 2026) ("Respondents affirmatively stated in their Answer that they do not oppose the Petition, including Petitioner's due process claim. . . . Consistent with precedent, courts in this Circuit have regarded such silence as a concession."). Nonetheless, the Court addresses the constitutionality of Petitioner's detention.

---

[1] The petition also states that she was detained for two days.  (Dkt. No. 1, Pet. at 2.)

26cv3795-GPC(SBC)

Petitioner argues that her re-detention on May 3, 2026, after she had been briefly detained and released on her own recognizance on December 2, 2023 pending removal proceedings, without any explanation or change in circumstance, violates the Due Process Clause of the Fifth Amendment.  (Dkt No. 1, Pet. at 2.)

Under the Due Process Clause of the Fifth Amendment, no person shall be "deprived of life, liberty, or property, without due process of law."  U.S. Const. Amend. V.  Indeed, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Due process rights apply to noncitizens, including those whose presence in the United States is unlawful.  *Id.* at 693.

As applied to cases like Petitioner, "even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he] has a protected liberty interest in remaining out of custody."  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); *see also Doe v. Becerra*, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *4 (E.D. Cal. Mar. 3, 2025); *Padilla v. United States Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025).  In fact, the government's initial release of an individual from custody "creates an 'implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release."  *Calderon v. Kaiser*, No. 25-cv-06695-AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).  An initial release from ICE custody further reflects "a determination by the government that [an individual is] neither a flight risk nor a danger to the community."  *Pinchi*, 792 F. Supp. 3d at 1034; *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, *7 (N.D. Cal. Sept. 12, 2025).  Thus, DHS may generally not re-arrest a previously released noncitizen "absent a change in circumstances."  *Salcedo Aceros,* 2025 WL 2637503, at *1 (citing *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) and *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017)).

26cv3795-GPC(SBC)

Here, because Petitioner was detained and then released from DHS custody on her own recognizance, she maintained a protected liberty interest in remaining out of custody.

The Court must next determine "what process is due." *Morrissey*, 408 U.S. at 481. "The constitution typically 'requires some kind of a hearing *before* the State deprives a person or liberty or property.'" *G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014274 (W.D. Wash. Oct. 8, 2025), *report and recommendation adopted sub nom. G.S. v. Bostock*, No. 2:25-CV-01255-JNW-TLF, 2025 WL 3014035 (W.D. Wash. Oct. 28, 2025) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original)). To determine what procedures are required by due process, the Court evaluates the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976). *See Ortiz Donnis*, 2025 WL 2879514, at *12. Under *Mathews*, a court must consider (1) "the private interest" at stake, (2) "the risk of an erroneous deprivation" without additional procedures and "the probable value . . . of additional or substitute procedural safeguards," and (3) the "Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." 424 U.S. at 335.

As to the first *Mathews* factor, Petitioner has a significant private interest in his continued liberty. Thus, this factor favors Petitioner. *See Salcedo* 2025 WL 2637503, *12; *Ortiz Donis*, 2025 WL 2879514, at *12; *Pinchi*, 792 F. Supp. 3d at 1034-35.

Turning to the second *Mathews* factor, "it is clear that there is a significant risk that the government will erroneously deprive [Petitioner] of that liberty interest if it does not provide [her] with a pre-detention hearing." *Pinchi*, 792 F. Supp. 3d at 1035. Where, as here, petitioner has not received any bond or custody hearing, "'the risk for erroneous deprivation [of liberty] is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [her] detention." *Id.* (quoting *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. July 11, 2025)). Further, courts have noted that "civil immigration detention must be 'nonpunitive in purpose' and bear a 'reasonable relation' to the authorized statutory purposes of preventing flight and danger to the community." *G.S. v. Bostock*, 2025 WL 3014274, at *8. By releasing

Petitioner in December 2023 on her own recognizance, immigration officers determined that she was neither a flight risk nor a danger to his community. *See id.*; *Ortiz Donis*, 2025 WL 2879514, at *1; *Pinchi*, 792 F. Supp. 3d at 1034.

Finally, the Government "has failed to show any countervailing interest against providing a pre-detention hearing." *G.S. v. Bostock*, 2025 WL 3014274, at *9; *Salcedo Aceros*, 2025 WL 2637503, at *12. Indeed, "in immigration court, custody hearings are routine and impose a minimal cost." *Singh*, 2025 WL 1918679, at *8 (internal quotation marks and citation omitted). On the other hand, the costs of immigration detention are staggering. *Hernandez v. Session*, 872 F.3d 976, 996 (9th Cir. 2017). In sum, the Government's interest in detaining Petitioner without a hearing is low. *See Singh*, 2025 WL 1918679, at *8.

Each of the *Mathews* factors favors Petitioner. Thus, Petitioner was entitled to a pre-deprivation bond hearing. The Government detained Petitioner, without explanation and without notice, despite its own prior determination that Petitioner was not a flight risk and posed no danger to the community. "Under these circumstances, given the government's conduct, the substantial liberty interests held by [Petitioner], and the fact that the government has no evidence and does not contend that [Petitioner] presents [a] risk or flight or to public safety, a pre-deprivation bond hearing is warranted." *Salcedo* 2025 WL 2637503, *12. At such a hearing, the government must demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight. *Pinchi*, 792 F. Supp. 3d at 1038; *see also Ortiz Donis*, 2025 WL 2879514, at *15. Put simply: "since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Ortiz Donis*, 2025 WL 2879514, at *15. In light of such a violation, Petitioner's release from custody is the appropriate remedy. *See, e.g.*, *Quiroz v. Larose*, No. 26-CV-866 JLS (DEB), 2026 WL 673822, at *3 (S.D. Cal. Mar. 10, 2026); *Aliyev v. LaRose*, No. 3:26-CV-01119-CAB-JLB, 2026 WL 699818, at *3 (S.D.

26cv3795-GPC(SBC)

Cal. Mar. 12, 2026); *Devilmar v. LaRose*, No. 3:26-CV-01748-JES-MSB, 2026 WL 1042439, at *2 (S.D. Cal. Apr. 17, 2026); *Perez*, 2026 WL 102643, at *2.

Accordingly, IT IS HEREBY ORDERED that

1. Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

2. Because the government has no evidence that Petitioner poses a flight risk or danger to the community, Petitioner **SHALL** be released **IMMEDIATELY** from DHS custody under the same conditions as her previous order of release on recognizance.

3. Respondents **SHALL NOT** re-arrest or re-detain Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice of at least seven days before a pre-deprivation hearing at which the government will bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

4. The Clerk of Court SHALL enter judgment in Petitioner's favor and close this case.

5. The hearing set for July 17, 2026 shall be **vacated**.

IT IS SO ORDERED.

Dated:  July 9, 2026

Hon. Gonzalo P. Curiel
United States District Judge

6

26cv3795-GPC(SBC)